UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEOTHA EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSENLOP,<br><br>    Defendants. | Case No. 2:23-cv-00071-DJC-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 4<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>    (1) FILE AN AMENDED COMPLAINT; OR<br><br>    (2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Plaintiff Cleotha Edwards is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff alleges that he contracted COVID-19 after defendant Rosenlop placed him in a crisis bed following an institutional transfer. Plaintiff's complaint does not state a cognizable claim. I will give plaintiff a chance to amend his complaint and to explain why it should proceed. Plaintiff has also filed an application to proceed *in forma pauperis*, ECF No. 2, which I will grant.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that when he was transferred to California Medical Facility ("CMF") from Mule Creek State Prison, defendant Rosenlop—a clinician supervisor at Mule Creek—inappropriately had him placed in a crisis bed at CMF, where he contracted COVID-19. ECF No. 1 at 3. Plaintiff claims that Rosenlop's action put him in danger. *Id.*

   Plaintiff's claim, as alleged, cannot pass screening.  Plaintiff seeks to hold Rosnelop accountable for violating his Eighth Amendment rights, but liability for such a claim arises only when a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  Although plaintiff alleges that he was improperly placed in a crisis bed at CMF, it does not follow that his placement in a crisis bed necessarily posed a substantial risk of serious harm to him.  Plaintiff has not alleged that Rosenlop put plaintiff in a crisis bed knowing that he would be exposed to COVID-19 and contract the disease.  The complaint fails to specify facts showing how Rosenlop acted with deliberate indifference to plaintiff's health and safety in violation of the Eighth Amendment.

   I will grant plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

   Accordingly, it is ORDERED that:

   1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

   2. Within thirty days of the service of this order, plaintiff must either file an amended complaint or advise the court he wishes stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

   3. Failure to comply with this order may result in the dismissal of this action.

   4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   April 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE